[No. 4963. Decided March 16, 1904.]

R. H. SIMPSON *et al., Respondents,* v. H. F. WEISE, *Appellant.*[1]

EVIDENCE—WRITTEN CONTRACT—ORAL PROOF AND MEMORANDUM. In an action upon a written contract alleged to be in the possesssion of the defendant, where the defendant upon demand refuses to produce it, but denies that there is any such contract, the plaintiff may prove the contract orally and by a memorandum from which he claims it was made.

Appeal from a judgment of the superior court for King county, Tallman, J., entered May 15, 1903, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury. Affirmed.

*Louis Henry Legg,* for appellant.

PER CURIAM.—The action is upon a written contract; judgment for plaintiffs. The only legal assignment is that the court erred in permitting the respondents to offer in evidence a memorandum of the contract. The appellant objected to its introduction on the ground that a demand had been made for a copy of the written agreement on which

[1]Reported in 75 Pac. 973.

the suit was founded, and that the same had never been furnished. It appears from the testimony, that the agreement in question had been written by the defendant; that the plaintiffs had made a demand upon the defendant for the written agreement or a duplicate thereof, which the defendant had agreed to furnish to plaintiffs, but that he had neglected to furnish it, and that the plaintiffs had been unable to obtain it; and that the evidence introduced was simply a memorandum for the purpose of refreshing the memory of the plaintiffs. Upon the objection being made it was said by the court:

"There has been no testimony that this is a copy of the contract. They sue on the contract, and they put a witness on the stand, and he says, that he has not a copy of that contract, and never did have; that the original was with the defendant; that he asked for a copy; they promised him a copy, and he asked for it, and they never gave it to him. I asked you then if you had the original, and I was referred to the answer and the answer denies ever having made this contract or any contract either oral or in writing. Now, then, he is doing the next best thing which the law allows—proving that contract orally and by memorandum, and this memorandum that he claims from which the written contract was made."

The statement of the court seems to be justified by the testimony, and there was no error in admitting the memorandum under the circumstances.

On the merits of the case, we are satisfied with the conclusions reached by the trial court.

The judgment is affirmed.